

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00189-CV

JOSHUA JONES, APPELLANT

V.

SPRINGBOARD CDFI 23—2 LP, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 46152, Honorable Curt Brancheau, Presiding

October 27, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Joshua Jones, proceeding pro se, appeals a no-evidence summary judgment granted in favor of Appellee, Springboard CDFI 23-2 LP ("Springboard"), in his suit to quiet title. He challenges the no-evidence summary judgment on the basis he submitted more than a scintilla of evidence in support of his claim.[1] We affirm.

---

[1] Jones raises in his briefing a host of other issues we do not address because they are not relevant to the legal standard of review or the disposition of this appeal, which we discuss below. *See* TEX. R. APP. P. 47.1.

**BACKGROUND**

In April 2022, Joshua Jones, a disabled army veteran, entered into a contract to purchase a home in Fritch, Texas from Joseph Fernandez.  Unable to obtain a loan for the purchase of the home, the contract was extended by a six-month lease agreement which allowed Jones to take possession of the property and improve his credit score in the interim to qualify for a loan.  After six months, Jones qualified for a loan and the sale was set for closing by the title company.  However, on the day of closing, Fernandez was nowhere to be found.  At the same time, Fernandez's existing mortgage on the home apparently was in default, and the mortgage holder proceeded with a foreclosure sale.

Springboard purchased the home at the auction for the foreclosure sale.  Upon learning of Jones's occupancy of the home, it treated Jones as a tenant at sufferance and filed an eviction proceeding in the justice court.  The justice court granted possession of the property to Springboard and evicted Jones.  Jones then filed a suit to quiet title in the district court to dispute title to the home, claiming he had a superior right to the property by virtue of the contract with Fernandez.  After a brief discovery period, Springboard filed a motion for a no-evidence summary judgment.  Jones responded to the motion with evidence demonstrating he had contracted to purchase the home from Fernandez.  The trial court held a hearing on the motion and then granted the no-evidence summary judgment.

**STANDARD OF REVIEW**

We review the rendition of summary judgments de novo.  *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017).  Under a no-evidence motion for summary

2

judgment, the movant is required to identify the specific elements of each of the nonmovant's causes of action for which there is no evidence. TEX. R. CIV. P. 166a(i). Once the movant identifies the elements lacking evidence, the burden shifts to the nonmovant to produce more than a scintilla of evidence in support of each such cause of action to survive summary judgment. *Id.*; *JLB Builders, L.L.C v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021) (citations omitted).

## ANALYSIS

Springboard moved for a no-evidence summary judgment on Jones's sole claim to quiet title. "The elements of a suit to quiet title are (1) plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied). Springboard's motion specified Jones had no evidence of the first and third elements—Jones could not demonstrate he had title to the property, nor could he show Springboard's claim of title was invalid.

Jones's written response to Springboard's motion contained the following attached evidence:

- Contract for sale with Fernandez;

- Broker's agreement;

- Emails with a VA home loans entity;

- Video evidence of a call with the brokers regarding the failure of the closing on the home;

3

- Evidence presented at the justice of the peace eviction proceeding; and

- Settlement offer sent to Springboard by Jones's attorney at the time.

In addition, Jones attached the following evidence to a "reply" to Springboard's original answer and counterclaim:

- Payment receipts for rent he paid to Fernandez;

- Receipts for repairs made to the home;

- Complaint made to the Texas Real Estate Commission regarding his broker, including emails with TREC;

- Text message and emails with an attorney at the Texas Legal Services Center;

- Messages to several attorneys who declined to represent Jones; and

- Emails with the escrow officer for the closing.

Although the above evidence demonstrates Jones was potentially harmed by the actions of Fernandez—who apparently took Jones's rent money and failed to pay the mortgage—it does not establish Jones received title to the home. None of the documents show Fernandez conveyed title to Jones. *See* TEX. PROP. CODE § 5.021 (conveyance of property "must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing."); *Jackson v. Wildflower Prod. Co.,* 505 S.W.3d 80, 90–91 (Tex. App.—Amarillo 2016, pet. denied) (unrecorded conveyance of property generally not binding upon subsequent purchasers). At best, they demonstrate there was a contractual intent by Fernandez to convey the property to Jones. But Fernandez breached their sales agreement by failing to complete the closing and by pocketing the

4

rent without paying the mortgage on the property. The default of the mortgage then triggered the foreclosure sale, and the sale extinguished all subsequent interests, including Jones's equitable interest, if any. *See Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.*, 120 S.W.3d 878, 883 (Tex. App.—Fort Worth 2003, pet. denied) (foreclosure merges legal and equitable title and extinguishes all subsequent claims and liens).

The evidence presented by Jones did not show he received title to the property from Fernandez, and thus Jones presented less than a scintilla of evidence to support his quiet title action.[2] Therefore, the trial court did not err by granting Springboard's motion for a no-evidence summary judgment.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

---

[2] Because there is less than a scintilla of evidence as to at least one element of Jones's claim, we need not address Springboard's second argument there was no evidence to support its lack of valid title.

5